UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARIA C. LOPEZ,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>*Defendants*. | Case No. 1:23-cv-03538 (ACR) |

### MEMORANDUM OPINION AND ORDER

Plaintiff Maria C. Lopez is a longtime registered nurse for the U.S. Department of Veterans Affairs (VA). On November 13, 2020, a patient attacked her, causing her to suffer muscle strains, nerve damage, and chronic pain. Dkt. 1 at 1-2. She sued the United States, the VA, and the Secretary of Veterans Affairs under the Federal Tort Claims Act, 28 U.S.C. § 2674, for failing to warn her about the patient's violent tendencies and provide her with a bodyguard.

Defendants ask the Court to dismiss the case on various grounds. *See generally* Dkt. 10 (motion to dismiss for lack of subject matter jurisdiction and improper venue); Dkt. 15 (supplemental motion to dismiss for failure to file within the statute of limitations). They argue that the Court lacks subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), that venue is improper under Rule 12(b)(3), and that Plaintiff has failed to state a claim under Rule 12(b)(6). *Id.*

1

The Court agrees that it lacks subject-matter jurisdiction and therefore **GRANTS** Defendants' motion to dismiss under Rule 12(b)(1).  The Court **DENIES** as moot Defendants' alternative arguments under Rules 12(b)(3) and 12(b)(6).[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, a registered nurse for the VA, alleges that a patient attacked her on November 13, 2020, while she was on duty.  Dkt. 1 at 1.  The attack caused her serious injuries, including muscle strains, nerve damage, and chronic pain.  *Id.* at 2.

On December 1, 2020, Plaintiff filed a Federal Employees' Compensation Act, 5 U.S.C. § 8101 *et seq*, (FECA) claim with the Office of Workers' Compensation Programs (OWCP).  Dkt. 10-1 (Ex. 1) at 3.  On December 18, 2020, and September 2, 2021, the OWCP accepted most of Plaintiff's claim and paid her $2,108.04 to cover related medical costs.  *Id.* at 3.  On February 27, 2024, the OWCP sought more information about the back injury that Plaintiff claimed also resulted from the attack.[2]  *Id.* at 2.

Plaintiff next filed an administrative claim under the Federal Torts Claims Act (FTCA), which the VA received on November 15, 2022.  Dkt. 10-2 (Ex. 2) at 1.  Plaintiff alleged that the hospital was negligent in not warning her of the danger her attacker posed and in not providing her with a security guard for her protection.  *Id.* at 2.  On May 18, 2023, the VA denied the administrative claim, stating that her earlier claims under the FECA precluded her FTCA claims.

---

[1] The Court denies Defendants' alternative arguments as moot "because absent jurisdiction the court lacks the authority to decide the case on any other grounds."  *Am. Farm Bureau v. EPA*, 121 F. Supp. 2d 84, 91 (D.D.C. 2000).

[2] The Court does not have additional information about the status of this request or the OWCP investigation.

*Id.* at 1.  The VA also highlighted that Plaintiff filed the FTCA claim outside the two-year statute of limitations period.  *Id.*

On November 27, 2023, Plaintiff brought this suit under the Federal Tort Claims Act.  Dkt. 1 at 1.  On March 29, 2024, Defendants moved to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) and for improper venue under Rule 12(b)(3).  Dkt. 10.  On June 26, 2024, Defendants filed a supplementary motion for dismissal for failure to file within the statute of limitations under Rule 12(b)(6).  Dkt. 15.

## II.   LEGAL STANDARD

The plaintiff bears the burden of establishing subject-matter jurisdiction.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).  When deciding a motion to dismiss under Rule 12(b)(1), the Court may consider "the complaint standing alone"; alternatively, it may consider the "complaint supplemented by undisputed facts evidenced in the record."  *Herbert v. Nat'l Acad. of Sciences*, 974 F.2d 192, 197 (D.C. Cir. 1992).

## III.   ANALYSIS

"[T]he United States, as sovereign, 'is immune from suit save as it consents to be sued.'"  *United States v. Testan*, 424 U.S. 392, 399 (1976) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).  The terms of that consent "define th[e] court's jurisdiction."  *Sherwood*, 312 U.S. at 586.  Plaintiff sues under the FTCA, in which the United States has waived sovereign immunity for certain torts.  *See Manning v. Esper*, No. 12-1802, 2019 WL 281278, at *7 (D.D.C. Jan. 22, 2019).  And she bears the burden of establishing that her claim fits within that waiver.  *Whitaker v. United States*, No. 22-1414, 2023 WL 4999324, at *3 (D.D.C. Aug. 4, 2023) (citing *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)).

Before addressing the FTCA further, a discussion of the FECA—the statute under which Plaintiff received compensation from the OWCP—is warranted.  The FECA provides a workers' compensation-like remedy scheme for federal employees to receive compensation for injuries suffered while in the performance of their duties.  *See* 5 U.S.C. § 8102(a).  Relevant here, a federal employee cannot bring a FECA claim in federal court.  *Sullivan v. United States*, No. 05-1418, 2006 WL 8451987, at *3 (D.D.C. June 22, 2006).  Instead, she must bring a claim to the Secretary of Labor who—acting through the OWCP—makes the "ultimate determination" of her FECA claim.  *Zellars v. United States*, No. 05-1670, 2006 WL 1050673, at *3 (D.D.C. Apr. 20, 2006); 5 U.S.C. § 8145; 20 C.F.R. § 10.1.

The FECA contains a "well established" exclusive-remedy provision, 5 U.S.C. § 8116(c).  *Manning*, 2019 WL 281278, at *17.  In exchange for "offering fixed compensation in lieu of litigation rights," the FECA "protect[s] the Government from suits under statutes, such as the Federal Tort Claims Act, that had been enacted to waive the Government's sovereign immunity." *Id.* (quoting *Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 193-94 (1983)) (cleaned up).  Thus, a government employee covered by the FECA cannot bring suit under the FTCA.  *See Spinelli v. Goss*, 446 F.3d 159 (D.C. Cir. 2006).  And a government employee can proceed on an FTCA claim in federal court only if the Secretary of Labor has first found that the FECA did not cover her injuries.  *See Daniels-Lumley v. United States*, 306 F.2d 769, 771 n.3 (D.C. Cir. 1962).

Plaintiff's claim founders because it falls squarely within the coverage of the FECA and thus outside the FTCA's immunity waiver.  Dkt. 10-1 (Ex. 1) at 3.  Plaintiff is a federal employee who seeks compensation for injuries she incurred at the VA.  Dkt. 1 at 1.  She filed a FECA compensation form with the OWCP, the OWCP determined that the FECA covered her injuries,

4

and the OWCP provided her with compensation.  *See* Dkt. 10-1 (Ex. 1 at 1-2).  Because Plaintiff's injuries are compensable—indeed, have already been compensated—under the FECA, Plaintiff is barred from suing under the FTCA.

Plaintiff tries to circumvent the FECA's exclusivity framework by claiming emotional injuries, but this effort fails.  *See* Dkt. 11 at 4.  To be sure, "the state of the law concerning FECA coverage for emotional and psychological injuries sustained by federal employees remains unsettled."  *Spinelli*, 446 F.3d at 161 (cleaned up).  But this is "of no matter."  *Id.*  Once the Secretary of Labor determines that the FECA applies to an employee's claim, that "settles the matter," and exclusivity attaches.  *Id.*

Plaintiff's claim for compensation for her back injury remains pending, but "a decision by the Secretary of Labor that her injuries were not covered . . . is a condition precedent to the continued prosecution" of her suit.  *Daniels-Lumley*, 306 F.2d at 771 n.3.  Because Plaintiff's pending back injury stems from the same attack as those the Secretary of Labor has already found the FECA covers, the Court dismisses the case instead of staying it.  *See Whitaker*, 2023 WL 4999324, at *5 (dismissing claim for additional injuries because "the Secretary has already . . . found that there is a substantial likelihood that the FECA applies" to the incident in question).

## IV.     CONCLUSION AND ORDER

Because the FECA's exclusive-remedy provision bars Plaintiff from seeking relief under the FTCA, this Court does not have subject-matter jurisdiction over her claim.

For these reasons, the Court hereby:

**GRANTS** Defendants' Motion to Dismiss, Dkt. 10;

**DENIES** Defendants' Supplemental Motion to Dismiss, Dkt. 15, as moot;

**DISMISSES** Plaintiff's Complaint, Dkt. 1, and this case without prejudice; and

**DIRECTS** the Clerk of Court to close this case.

**SO ORDERED**.

This is a final appealable Order.  *See* Fed. R. App. P. 4(a).

Date:   October 8, 2024

_____  
ANA C. REYES  
United States District Judge